## MORRIS SHAWL v. HIS CREDITORS.

ON the trial of an opposition by creditors to an insolvent's discharge, on the ground of fraud in transferring his property to A, A is a competent witness for the insolvent as against the objection of interest.

In such case, the record would not be legal evidence in favor of A, in an action by the creditors to recover from him the property obtained from the insolvent.

APPEAL from the County Court of Placer.

For facts see opinion.    Plaintiff appeals.

*W. H. Bullock* and *Tuttle & Hillyer*, for Appellant, cited *Moore* v. *Tracy*, 7 Wend. 229; 10 Johns. 22; 3 Gill & Johns. 282; *Jackson* v. *Frost*, 6 Johns. 135; *Hill* v. *Payson*, 3 Mass. 559; *Locker* v. *Haynes*, 11 Id. 498; 3 Term, 27; 3 Johns. Cases, 82; 1 Phil. Ev. 31–35; 1 Day, 22; 1 Wash. Va. 187.

*Jo. Hamilton*, for Respondents, cited Wood's Dig. art. 1127, sec. 393.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

In this proceeding, an opposition to the insolvent's discharge was made on an accusation of fraud.    Among other facts, it was alleged

that the insolvent had fraudulently transferred his property to his brother, Mark Shawl. On the trial of the accusation of fraud, the insolvent offered Mark Shawl as a witness in his behalf; but upon objection by the creditors, on the ground of interest, he was rejected by the Court, and the insolvent excepted. The insolvent, having been found guilty, has brought this appeal. The respondents claim that the witness was interested, on the ground that the record in this case would be legal evidence for him in any action brought by the creditors to recover from him the property which he had obtained from the insolvent. But we do not perceive under what rule of evidence the record in this case could be used in such an action. The title to this property is not an issue in this proceeding, nor is the assignee in the case a party to this accusation of fraud; and he is the only person who could bring an action against Mark Shawl to recover this property. No interest in this property can be affected by the decision either way of the question whether the insolvent has been guilty of defrauding his creditors.

The rejection of this witness was therefore erroneous, and the judgment must be reversed and the cause remanded for a new trial.